UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

Plaintiff,

v. Case No.: 3:14-cv-01428-TJC-PDB

REAL PROPERTY, INCLUDING
ANY BUILDINGS, APPURTENANCES,
AND IMPROVEMENTS THEREON,
LOCATED AT 4866 YACHT BASIN DRIVE,
2119 PIERCE ARROW DRIVE,
and 14658 FERN HAMMOCK DRIVE,
JACKSONVILLE, FLORIDA, and
RESTAURANT AND MARKET
EQUIPMENT PURCHASED for
PANGEA ISLAND MARKET and GRILLE,

Defendants.
_______________________________________/

**STIPULATED SETTLEMENT BETWEEN UNITED STATES AND MAMADIE TOURE**

**WHEREAS**, the United States has filed a Verified Complaint In Rem in the above referenced action seeking to forfeit to the United States the following properties (collectively, the "Defendant Properties"):

a. The real property located at 4866 Yacht Basin Drive, Jacksonville, Florida, 32225, including all improvements thereon and appurtenances thereto, the legal description for which is as follows: Lot 6 of St. Johns Landing Estates, Unit Two, according to the plat thereof, as recorded in Plat Book 57, at Page 53, 53A, 53B, and 53C, of the Public Records of Duval County, Florida (the "Defendant Yacht Basin Property");
b. The real property located at 2119 Pierce Arrow Drive, Jacksonville, Florida, 32246, including all improvements thereon and appurtenances thereto, the legal description for which is as follows: Lot 644, Sutton Lakes Unit Ten-H, according to the map or plat thereof as recorded in Plat Book 55, pages 52, 52A, and 52B, of the public records of Duval

County, Florida (the "Defendant Pierce Arrow Property");

c. The real property located at 14658 Fern Hammock Drive, Jacksonville, Florida, 32258, including all improvements thereon and appurtenances thereto, the legal description for which is as follows: Lot 290, Bartram Springs Unit 1A, a subdivision according to the plat thereof recorded at Plat Book 55, pages 81, 81A through 81R, inclusive, in the public records of Duval County, Florida (the "Defendant Fern Hammock Property") (collectively, with the Defendant Yacht Basin Property and the Defendant Pierce Arrow Property, the "Defendant Real Properties"); and

d. Approximately 100 items of restaurant and market furniture, equipment, and trade fixtures purchased by Pangea Island, LLC for the purpose of operating a market, located at 132 Everest Lane, Suite 1, St. Johns, St. Johns County, Florida, 32259, and an adjacent restaurant, located at 164 Everest Lane, Suite 5, St. Johns, St. Johns County, Florida, 32259 (the "Defendant Restaurant and Market Equipment"), listed as Attachment A to the Complaint. The restaurant and market have ceased operating;

**WHEREAS,** the Verified Complaint in Rem seeks the forfeiture of the Defendant Assets as property derived from bribes paid in Guinea in violation of U.S. and Guinean law, pursuant to 18 U.S.C. § 981(a)(1)(C), and property involved in money laundering offenses in violation of 18 U.S.C. § 1957;

**WHEREAS**, the United States and Mamadie Touré, ("Toure') (collectively "the parties") agree that the Defendant Properties have been held by or for the benefit of Toure;

**WHEREAS**, Warrants of Arrest in Rem have issued for each of the Defendant Properties;

**WHEREAS**, Toure agrees that each of the Defendant Properties is traceable to the criminal conduct alleged in the Verified Complaint in Rem;

**WHEREAS** Toure stipulates that there is reasonable cause for the seizure and arrest of the Defendant Properties and further stipulates that the Court may enter a certificate of reasonable cause under 28 U.S.C. § 2465(a)(2) as to the Defendant Properties; and

**WHEREAS**, the Court entered an Order for Interlocutory Sale and Judgment of Forfeiture regarding the Defendant Restaurant and Market Equipment;

**WHEREAS**, Toure agrees to release and hold harmless the United States, and any agents, servants, and employees of the United States (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims by Toure and her agents which currently exist or which may arise as a result of the Unites States' action against the defendant properties;

**WHEREAS,** Toure understands and agrees that by entering into this Settlement of her interests in the Defendant Properties she waives any rights to further litigate against the United States her interest in the defendant properties and to petition for remission or mitigation of the forfeiture;

**WHEREAS**, the terms of this Settlement shall be subject to approval by the United States District Court and any violation of any terms or conditions shall be construed as a violation of an Order of the Court;

The United States and Toure hereby agree and stipulate as follows:

(1) Toure agrees and consents to the entry of a judgement of forfeiture on the Complaint for Civil Forfeiture with respect to (i) the Defendant Pierce Arrow Property, (ii) the Defendant Fern Hammock Property, and (iii) the Defendant Restaurant and Market Equipment; and

(2) The United States agrees to dismiss without prejudice the Defendant Yacht Basin Property.

Respectfully submitted,

M. Kendall Day
Chief, Asset Forfeiture and Money Laundering Section
U.S. Department of Justice

Dated: 01/29/16

By Steven C. Parker
Trial Attorney
Asset Forfeiture and Money Laundering Section,
U.S. Department of Justice

Dated: 01-08-16

Mamadie Toure