UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

Plaintiff,

v. Case No.: 3:14-cv-01428-TJC-PDB

REAL PROPERTY, INCLUDING
ANY BUILDINGS, APPURTENANCES,
AND IMPROVEMENTS THEREON,
LOCATED AT 4866 YACHT BASIN DRIVE,
2119 PIERCE ARROW DRIVE,
and 14658 FERN HAMMOCK DRIVE,
JACKSONVILLE, FLORIDA, and
RESTAURANT AND MARKET
EQUIPMENT PURCHASED for
PANGEA ISLAND MARKET and GRILLE,

Defendants.
______________________________________/

**STIPULATED SETTLEMENT BETWEEN UNITED STATES AND MATINDA & COMPANY LLC**

**WHEREAS**, the United States filed a Verified Complaint In Rem in the above referenced action seeking to forfeit to the United States the following properties (collectively, the "Defendant Properties"):

a. The real property located at 4866 Yacht Basin Drive, Jacksonville, Florida, 32225, including all improvements thereon and appurtenances thereto, the legal description for which is as follows: Lot 6 of St. Johns Landing Estates, Unit Two, according to the plat thereof, as recorded in Plat Book 57, at Page 53, 53A, 53B, and 53C, of the Public Records of Duval County, Florida (the "Defendant Yacht Basin Property");
b. The real property located at 2119 Pierce Arrow Drive, Jacksonville, Florida, 32246, including all improvements thereon and appurtenances thereto, the legal description for which is as follows: Lot 644, Sutton Lakes Unit Ten-H, according to the map or plat thereof as recorded in Plat Book 55, pages 52, 52A, and 52B, of the public records of Duval County, Florida (the "Defendant Pierce Arrow Property");
c. The real property located at 14658 Fern Hammock Drive,

Jacksonville, Florida, 32258, including all improvements thereon and appurtenances thereto, the legal description for which is as follows: Lot 290, Bartram Springs Unit 1A, a subdivision according to the plat thereof recorded at Plat Book 55, pages 81, 81A through 81R, inclusive, in the public records of Duval County, Florida (the "Defendant Fern Hammock Property") (collectively, with the Defendant Yacht Basin Property and the Defendant Pierce Arrow Property, the "Defendant Real Properties"); and

d. Approximately 100 items of restaurant and market furniture, equipment, and trade fixtures purchased by Pangea Island, LLC for the purpose of operating a market, located at 132 Everest Lane, Suite 1, St. Johns, St. Johns County, Florida, 32259, and an adjacent restaurant, located at 164 Everest Lane, Suite 5, St. Johns, St. Johns County, Florida, 32259 (the "Defendant Restaurant and Market Equipment"), listed as Attachment A to the Complaint. The restaurant and market have ceased operating;

**WHEREAS,** the Verified Complaint in Rem sought the forfeiture of the Defendant Assets as property derived from bribes paid in Guinea in violation of U.S. and Guinean law, pursuant to 18 U.S.C. § 981(a)(1)(C), and property involved in money laundering offenses in violation of 18 U.S.C. § 1957;

**WHEREAS,** the United States and Toure entered into a Stipulated Settlement ("Toure Settlement") regarding the Defendant Real Properties on January 29, 2016; in which Toure agreed and stipulated that:

1) Each of the Defendant Real Properties was traceable to the criminal conduct alleged in the Verified Complaint in Rem;
2) Warrants of Arrest in Rem had issued for each of the Defendant Real Properties;
3) There was reasonable cause for the seizure and arrest of the Defendant Properties and further stipulated that the Court may enter a certificate of reasonable cause under 28 U.S.C. § 2465(a)(2) as to the Defendant Real Properties;
4) the Defendant Real Properties were held by or for the benefit of Toure;
5) She released and held harmless the United States, and any agents, servants, and employees of the United States (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims by Toure and her agents which existed or which might arise as a result of the Unites States' action against the Defendant Real Properties;
6) by entering into the Settlement of her interests in the Defendant Real Properties she waived any rights to further litigate against the United States her interests in the Defendant Real Properties and to petition for remission or mitigation of the forfeiture;

**WHEREAS**, pursuant to the terms of the Toure Agreement, Toure agreed and consented to the entry of a judgement of forfeiture on the Complaint for Civil Forfeiture with respect to (i) the

Defendant Pierce Arrow Property, (ii) the Defendant Fern Hammock Property, and (iii) the Defendant Restaurant and Market Equipment; and

**WHEREAS**, pursuant to the terms of the Toure Agreement, The United States agreed to dismiss without prejudice the Defendant Yacht Basin Property.

**WHEREAS**, on April 4, 2016, United Stated District Judge Timothy J. Corrigan entered a CONSENT ORDER FOR JUDGMENT OF FORFEITURE, adopting and enforcing the terms of the Toure Settlement, and ordering the forfeiture to the United States of the Fern Hammock and Pierce Arrow properties;

**WHEREAS,** Matinda and Company LLC, ("Matinda") is a Florida Limited Liability Company,

**WHEREAS**, Mamadie Toure is the Managing Member of Matinda and has authority to act on its behalf;

**WHEREAS**, Matinda held title in the Defendant Properties in fee simple for the sole benefit of Toure;

MATINDA hereby agrees with and stipulates to the terms of the Toure Agreement, and

Matinda and the United States hereby agree and stipulate that, pursuant to the Toure Agreement and Judge Corrigan's Consent Order for Judgement of Forfeiture, Matinda no longer has title or any interest in the Pierce Arrow or Fern Hammock properties and said properties are forfeited to the United States.

Respectfully submitted,

M. Kendall Day
Chief, Asset Forfeiture and Money Laundering Section
U.S. Department of Justice

Dated: 12/9/16

By Steven C. Parker
Trial Attorney
Asset Forfeiture and Money Laundering Section,
U.S. Department of Justice

Dated: 7-12-2016

Mamadie Toure, Individually and as Managing Member of Matinda and Co., LLC